UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | | |
|---|---|---|
| PHH MORTGAGE SERVICES, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 6: 06-157-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAXIE E. HIGGASON, Trustee, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Appellee. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Appellant PHH Mortgage Services' ("PHH")

appeal of the Bankruptcy Court's entry of summary judgment.  [Record No. 1]  Because the

factual record is insufficient to make any determination regarding the applicability of imputed

inquiry notice to the Trustee, the Court will vacate the grant of summary judgment and remand

for further proceedings.

**BACKGROUND**

The Bankruptcy Court based its order of summary judgment on the following facts, to

which both parties stipulated:

> 1. On June 26, 2003, the Debtor Linda Adkins ("Debtor") obtained a loan from
> PHH Mortgage Services ("PHH") in the amount of $60,000, which funds were
> used to purchase real estate located at Route 6, Box 7943, Monticello, Kentucky
> and a manufactured home to be placed on the property.
>
> 2. As evidence of the loan, the Debtor executed a promissory note and mortgage
> in favor of PHH, which was appropriately recorded in the office of the Wayne
> County Clerk on July 3, 2003 and previously determined by Agreed Judgment
> (Doc. #16) entered on January 4, 2006 to be a valid and properly recorded
> mortgage as to the subject real property.

-1-

3. The parties' intention to create a lien as to the manufactured home in favor [of] PHH was evidenced by the legal descriptions in both the deed and mortgage, providing that the interests conveyed thereunder included a 2002 Champion Advantage 28 x 56 multi-section home, bearing serial number 12-02-50502985.

4. No certificate of title was ever issued for the manufactured home.

5. The real estate and the manufactured home are taxed together as real property.

6. The Debtor filed a Chapter 7 petition on April 14, 2005.

7. On October 26, 2005, the Plaintiff Trustee Maxie Higgason initiated this Adversary Proceeding seeking to avoid the purported interest of PHH in the Debtor's manufactured home under 11 U.S.C. 544(a) and recover same for the benefit of the bankruptcy estate.

[Record No. 1, Ex. 2]

### ANALYSIS

This case is before the Court on appeal from the Bankruptcy Court's entry of summary judgment in favor of Trustee Maxie Higgason in an adversary proceeding of the underlying bankruptcy case of *In re: Linda Adkins*, Case No. 05-60649, Adversary No. 05-6092. [Record No. 1, Ex. 2]  Appellant PHH Mortgage Services has appealed the grant of summary judgment for the Trustee, arguing that the Bankruptcy Court misinterpreted Kentucky state law regarding the means of perfection of a lien on a manufactured home.

The bankruptcy court is the finder of fact in a bankruptcy case.  *In re Dow Corning Corp.*, 280 F.3d 648, 656 (6th Cir. 2002) (citing to *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988)).  When acting as an appellate court, the district court reviews the bankruptcy court's factual findings under a clearly erroneous standard, and its conclusions of law *de novo*. *Id.*  The

decision to grant summary judgment is reviewed *de novo*.  *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001)

In the proceeding below, the Bankruptcy Trustee sought to avoid PHH's interest in Adkin's manufactured home under 11 U.S.C. §544(a). [Record No. 1, Ex. 2]  The parties having stipulated to what they viewed as the relevant issues of material fact, the court issued summary judgment for the Trustee.  *Id.*  The court ruled that, while PHH had properly perfected its interest in the real estate, it had failed to perfect its interest in the manufactured home.  Because 11 U.S.C. §544(a) places the Trustee in the position of a hypothetical judgment lien creditor or bona fide purchaser, his interest was superior to PHH's unperfected interest and the Trustee was entitled to summary judgment.  *Id.*

The Bankruptcy Court based his decision on an interpretation of K.R.S. §186A.190, which provides that a security interest on "any property for which has been issued a Kentucky certificate of title" may only be perfected by a notation on that certificate of title.  K.R.S. § 186A.190(1).  Because a manufactured home[1] is considered a type of trailer for which a Kentucky certificate of title is required, the inclusion of the manufactured home and the real estate in the legal descriptions section of both the deed and the mortgage was insufficient to perfect the lien on the manufactured home. [Record No. 1, Ex. 2]  Under Kentucky law, any deficiency in the process of perfection is to be resolved against the creditor, who must "bear the

---

[1] In 1994, the Kentucky legislature amended KRS § 186.650, substituting the term "manufactured home" for "mobile home".  *See Hiers*, 946 S.W.2d at 198 ("mobile home"); *but see* K.R.S. § 186.650 ("manufactured home"); K.R.S. § 186A.297 ("manufactured home").  This linguistic changes does not otherwise affect the analysis.  The Court will use the term "manufactured home" as it is the current language of the statutes in question.

responsibility if the proper filing is not accomplished." *Id.*, citing *Westenhoefer v. Navistar Financial Corp. (In re Daulton)*, 155 B.R. 7 (E.D.Ky. 1993). The court therefore rejected PHH's contention that the Trustee should be imputed with inquiry notice as a hypothetical judicial lien creditor of a bona fide purchaser. PHH then brought this appeal.

PHH alleges that the Bankruptcy Court incorrectly interpreted controlling law on three different issues. First, PHH argues that the court incorrectly concluded that a lien on a manufactured home could only be perfected by a notation on the certificate of title. Second, PHH argues that a Trustee's interest can be defeated by imputing inquiry or constructive notice of the lien, and not just by a properly perfected lien. Third, it asserts that because the Trustee would have been on constructive or inquiry notice as a judicial lien creditor or bona fide purchaser, PHH's interest in the manufactured home is superior. Thus, it argues that its interest cannot be avoided or discharged in bankruptcy. Because resolution of these issues are ultimately intertwined, the Court will address these arguments together.

The Bankruptcy Court held that the "sole means of perfecting a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title . . ." [Record No. 1, Ex. 2]; citing *Hiers v. Bank One, West Virginia, Williamson*, 946 S.W.2d 196 (Ky. App. 1996). Based on the Kentucky Court of Appeal's opinion in *Hiers*, the court held that, because PHH failed to perfect their lien on the manufactured home by notation on the certificate of title, the Trustee could not be imputed with inquiry notice based on any "other filings", such as the mortgage in question. *Id.*

However, the decision in *Hiers* regarding the sole means for perfecting a lien on a manufactured home was decided in 1996. In 2000, the Kentucky legislature modified K.R.S. § 186A.297 to allow for a manufactured home to become part of the permanent real estate. By filing an affidavit of conversion to real estate and surrendering the Kentucky certificate of title, the manufactured home would be deemed "an improvement to the real estate upon which it is located." K.R.S. § 186A.297. The legal effect of conversion would be to treat the manufactured home as real property, apparently no longer governed by or subject to the certificate of title requirements in KRS § 186A.190(1). Logically, it would also suggest that a lien could not be perfected on the manufactured home as part of the permanent real estate by noting it on the certificate of title, as the certificate of title would apparently no longer govern the property.

Thus, PHH is partially correct when it argues that K.R.S. § 186A.190 is no longer the *sole* means of perfecting a lien on a manufactured home. It is correct to the extent that a lien might be placed on the structure which had once been a "manufactured home" without noting it on the certificate of title. However, because the manufactured home has been converted to real property, it is no longer legally considered a "manufactured home" for purposes of titling.[2]

---

[2] The Bankruptcy Court has previously recognized the distinction between the treatment of personal property and real property within the Bankruptcy Code. In the case of *In re Wilson*, 2003 Bankr. LEXIS 2201, 5-6 (Bankr. D. Ky. 2003), Judge Scott noted that the conversion from personal property to real property would significantly affect both the means of perfection and its requirements for titling. "Certificates of title are required for certain personal property within the state. It follows that the mobile home in which debtors reside is not real property but personal property as defined by state law. The real property in this matter is the land on which the mobile home sits and on which IMC has a perfected security interest." *In re Wilson*, 2003 Bankr. LEXIS 2201, 5-6.

K.R.S. § 186A.190 remains the sole means of perfecting a lien on a (non-attached) manufactured home.

Therefore, to the extent that *Hiers* regards K.R.S. § 186A.190 as the sole means of perfecting a lien on a manufactured home, regardless of whether it is affixed to real property, it has been overruled by the subsequent act of the Legislature.  That language from *Hiers* which holds, "[i]ndeed, KRS Chapter 186A contains nothing to suggest that the chapter's provisions or the certificate of title requirements cease to apply to a [manufactured] home if it is permanently affixed to real estate," has been superseded by K.R.S. § 186A.297.  *Hiers*, 946 S.W.2d at 198;  K.R.S. § 186A.297.

Furthering complicating the analysis, to be permanently affixed and converted to real property, K.R.S. § 186A.297 requires that the owner of the manufactured home file both an affidavit of affixment *and* surrender the certificate of title.  Presumably, this is done so that the clerk, as part of the conversion, can make a notation in the record (and presumably on AVIS) that the property is being converted to real estate.  In this way, a creditor or purchaser who checks AVIS to determine if there are liens on the (former) manufactured home will be notified that the manufactured home has been converted, and may be subject to liens as real property. A notation of this type appearing in AVIS would clearly constitute notice sufficient to defeat the Trustee's status as a judicial lien creditor and/or bona fide purchaser.[3]

Because no certificate of title was ever requested or issued on the manufactured home, it is unclear whether the manufactured home even appears in AVIS.  The Court cannot locate

---

[3] It is unclear what, if anything, happens to the actual certificate of title once the manufactured home has been converted.

anything within the record which would indicate what the result of a query to AVIS as to this manufactured home would be. If the manufactured home is not listed in AVIS, then an inquiry regarding any potential liens would come back not only negative for liens, but negative for ownership. This would serve to alert the inquirer that the manufactured home may in fact be stolen, as the no valid certificate of title exists. K.R.S. § 186A.010 (The purpose of AVIS is "to inhibit registration and transfer of stolen motor vehicles or trailers, to improve the capability of detecting and recovering such vehicles [and] to provide improved security interest protection to potential creditors throughout Kentucky.") In fact, even if the manufactured home appeared in AVIS, it would appear with a notation that no certificate of title had ever been issued, or at least that no title was currently in effect. Since the passage of K.R.S. § 186A.297, this could indicate that the manufactured home had been converted to real property, and may be subject to other liens as such.

Without a more thorough factual record or additional stipulations by the parties, it is impossible for the Court to make any determination as to whether there was sufficient indication in the records and databases such that inquiry notice should be imputed to the Trustee. As *Hiers* has been superseded by the adoption of K.R.S. § 186A.297, the Court cannot predict how a Kentucky state court would address the multiple methods for perfecting a lien on a permanently attached mobile home, especially where no certificate of title was ever issued. And as a result, this Court must vacate the order of summary judgment for the Trustee and remand the case to Bankruptcy Court for further proceedings consistent with this opinion.

In the interests of judicial expediency, the Bankruptcy Court should also address any arguments the Trustee may have under Title 11of the United States Code, section 547, as a dispositive resolution under that section may moot any questions regarding titling requirements and imputed inquiry notice under Kentucky law.

**CONCLUSION**

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)     Summary Judgment for the Trustee in Adversary Proceeding 05-6092 is **VACATED** and this matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion and Order;

(2)     This action is **STRICKEN** from the Court's active docket.

This 13th day of July, 2006.



Signed By:

Danny C. Reeves   DCR

United States District Judge