UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE SERVICES, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 6: 06-157-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAXIE E. HIGGASON, Trustee, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Appellee. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff/Appellee's motion for reconsideration. [Record No. 10] Because the Appellee's motion for reconsideration presents neither newly discovered evidence nor new arguments of law, and is instead a re-argument of the matter already decided, no response brief is necessary. For the reasons outlined below, the motion for reconsideration is denied. The remaining motions will also be denied as moot.

**ANALYSIS**

Bankruptcy Rule 8015 does not set forth standards for granting rehearing, but as that rule was derived from Fed. R. App. Pro. 40, it is appropriate to look there for guidance. *Olson v. United States*, 162 B.R. 831, 834 (D. Neb. 1993). Under Fed. R. App. Pro. 40, a party seeking rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant

information in rendering its decision.  *Armster v. U.S. District Court*, C.D. Cal., 806 F.2d 1347, 1356 (9th Cir. 1986).

A petition for rehearing is not a means by which to reargue a party's case.  *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962).  Motions for reconsideration serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice.  *See, e.g., General Truck Drivers Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir.1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000).  Thus, the party seeking reconsideration cannot simply seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law."  *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001)

Here, the Appellee identifies no intervening change in controlling law, nor does it point to the existence or discovery of any previously unavailable evidence.  He must, therefore, be arguing that the Court's order remanding the case to the bankruptcy court for a further development of the factual record was a "clear error of law" or a "manifest injustice".  However, the Appellee demonstrates nothing in the Court's opinion as clear error of law.  Instead, he argues that, "[t]here are adequate facts before the Court to allow it to affirm the Judgment of the Bankruptcy Court."  [Record No. 10] The Appellee then again argues that because a certificate of title was never issued for the manufactured home, PHH did not perfect its security interest in the mobile home.

Unfortunately, the Appellee's motion for reconsideration apparently assumes that PHH's failure to properly perfect its security interest automatically compels judgment for the Trustee. The Appellee does not address whether, despite failing to properly perfect its security interest, PHH's interest might still have priority over the Trustee because PHH's actions were sufficient to place the Trustee on inquiry notice of its interest in the manufactured home. Because Bankruptcy Code Section 544(a) provides that the Trustee assumes the "rights and powers of" a judgment lien creditor or bona fide purchaser, his interest may be defeated if he is charged with constructive or implied notice. *See, e.g., Simon v. Chase Manhattan Bank (In re Zaptocky*, 250 F.3d 1020 (6th Cir. 2001).

The question, therefore, is not whether PHH has any lien on the manufactured home at all, but whose interest has priority. The Appellee has provided no argument or case law to suggest that the Court's decision to remand for further development of the factual record regarding the issue of notice would be clear error. Therefore, the motion for reconsideration will be denied. [Record No. 10] Having denied the motion for reconsideration, the Court will also deny their motion to approve a briefing schedule as moot. [Record No. 11]

**CONCLUSION**

It is hereby **ORDERED** as follows:

(1) Appellee Maxie Higgason's Motion for Reconsideration is **DENIED**. [Record No. 10]

(2) Appellee's motion to approve briefing schedule is **DENIED**. [Record No. 11]

This 28th day of July, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge